# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARIBEL TOBAR,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-239-Orl-22DAB**

**NISHAD KHAN, P.L., and NISHAD KHAN,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT, STIPULATION FOR DISMISSAL WITH PREJUDICE (Doc. No. 36)**
>
> **FILED:** January 19, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. 8), Plaintiff was employed by Defendant as a paralegal from February to December 2009. Plaintiff sought an average of $700 per week for 17 hours per week of overtime, plus an equal amount in liquidated damages for a total of $4,384. Doc. No. 8-1. Defendant asserted in its Answer (Doc. 5) that Plaintiff was treated as an exempt employee, and that she failed to comply with Defendant's well established procedure for reporting and being compensated for overtime worked. Doc. 5. Defendant asserted that Plaintiff was exempt from overtime under applicable exemptions, exclusions, or exceptions. Doc. 5. Defendant asserted claims for Plaintiff's violation of the Electronic Communications Privacy Act, in conjunction with her termination on December 28, 2009, allegedly for Plaintiff's improper accessing of Defendant's firm computer network containing its client and firm data and manipulated and destroying several electronic files; Defendant also alleged that Plaintiff improperly removed several of Defendant's physical files containing original and other important client and firm documents. Doc.

5. The settlement to Plaintiff of $850 in unpaid wages and liquidated damages represents about one-fifth of the principal amount Plaintiff sought; however, Plaintiff also secured dismissal of Defendant's counterclaim against her. Doc. 36.

The parties have agreed that Defendant will pay Plaintiff's attorneys $1400 in attorney's fees and costs. Plaintiff's counsel litigated the case on behalf of Plaintiff, accruing $3,947 in attorney's fees for himself and his paralegals' hours totaling 23.2 hours; costs totaled $410 for filing fee and service of process charges. Doc. 36-2. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case, and counsel's compromise of his fees was significantly less than those incurred.

Settlement in the amount of **$850** to Plaintiff for unpaid wages and liquidated damages, and **$1400** for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 1, 2011.

*David A. Baker*

      DAVID A. BAKER
   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy